```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **RICHARD BANSKE,** | |
| Plaintiff, | |
| v. | Case No. 17 C 5263 |
| **CITY OF CALUMET CITY,** a local unit of government; **MICHELLE QUALKINBUSH** in her individual capacity; **JAMES GALGAN** in his individual capacity; and **JAMES PATTON** in his individual capacity, | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendants City of Calumet City, Michelle Qualkinbush, James Galgan, and James Patton ("Defendants") move [ECF No. 11] to dismiss Plaintiff Richard Banske's ("Banske") Complaint [ECF No. 1] for failure to state a claim. For the reasons stated herein, Defendants' Motion to Dismiss is granted, and Banske's Complaint is dismissed without prejudice.

### I.  BACKGROUND

Plaintiff Richard Banske began serving as a firefighter in the Calumet City Fire Department in 1992. In 2009, Banske was promoted to Deputy Chief of the Fire Department. (Compl. ¶¶ 7-8.) That same year, Banske created a Facebook account. According to his Complaint, Banske thereafter began to post

political commentary on his Facebook page. (*Id.* ¶¶ 12-13.) Banske does not specify the nature or content of these comments other than to say that they were "matters of public concern" and not "expressions of private grievances." (*Id.* ¶ 14.)

Banske alleges that around September 2016, Defendant Michelle Qualkinbush ("Qualkinbush") (then and now the Mayor of Calumet City) caught wind — allegedly via some anonymous messenger — of Banske's political Facebook posts, and that Banske, Qualkinbush's assistant (not a defendant here), and Defendant James Patton ("Patton"), then the Calumet City Director of Personnel, had a phone conversation about these posts. (*Id.* ¶¶ 19-20.) Banske states that during that conversation, neither the assistant nor Patton directed him to stop posting political commentary on Facebook. (*Id.* ¶ 21.) The Complaint does not further describe this conversation.

Finally, Banske avers that in early December 2016, Defendant Fire Chief James Galgan ("Galgan") called Banske to his office and informed him that due to "concerns over [Banske's] private political views in his Facebook posts," Galgan and Qualkinbush wanted to terminate Banske's employment. (*Id.* ¶ 23.) Banske was let go that same day. (*Id.* ¶¶ 24-25.)

Banske now sues Calumet City, as well as Qualkinbush, Patton, and Galgan (all in their individual capacities), claiming First Amendment retaliation under 42 U.S.C. § 1983 (Counts II and III). He also sues all Defendants on the same theory under the Illinois Constitution (Count IV). For reasons that will become clear below, the Court first considers these claims before turning to Count I, which seeks indemnification for the individual Defendants from Calumet City. Defendants now move to dismiss the Complaint in full.

## II. <u>LEGAL STANDARD</u>

To survive a motion to dismiss, a complaint must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Put another way, the allegations must raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (2009) (citing *Twombly,* 550 U.S. at 555). In evaluating the Complaint, the Court accepts all well-pleaded allegations as

true and draws all reasonable inferences in favor of Plaintiff. *Iqbal,* 556 U.S. at 678.

### III. <u>DISCUSSION</u>

Defendants move to dismiss Banske's Complaint for failure to state a claim under Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). Defendants raise two central arguments: *First,* Banske fails to state a claim because his Complaint does not plead the facts necessary to establish that he engaged in constitutionally protected speech; and *second,* Banske fails to state a claim because the Deputy Fire Chief is a "policymaking" position, and thus one that Defendants may fire someone from simply for engaging in speech that could undermine the policy or political goals of Defendants. (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 5, ECF No. 13 (citing *Hagan v. Quinn,* 867 F.3d 816, 820 (7th Cir. 2017).)

The Court agrees with Defendants' first argument in substance, and Defendants' Motion is granted.

#### A. First Amendment Retaliation Claims (Counts II and III)

To establish a First Amendment retaliation claim, a public employee must show that (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation because of his employer's action; and (3) his protected speech was a but-for cause of the employer's action. *Hagan v. Quinn,* 867 F.3d 816,

- 4 -

822 (7th Cir. 2017) (citation omitted) (citing *Diadenko v. Folino,* 741 F.3d 751, 755 (7th Cir. 2013)).

Under the so-called *Connick-Pickering* test, a public employee's speech is constitutionally protected if: (1) he made the speech as a private citizen; (2) the speech addressed a matter of public concern; and (3) his interest in expressing that speech was not outweighed by the state's interests as an employer in promoting effective and efficient public service. *Swetlik v. Crawford,* 738 F.3d 818, 825 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Houskins v. Sheahan,* 549 F.3d 480, 490 (7th Cir. 2008)).

Notably, there is a corollary to this test under which "policymaking" employees may be terminated without offending the First Amendment. Under this *Connick-Pickering* corollary, a policymaking employee may be discharged "when that individual has engaged in speech on a matter of public concern in a manner that is critical of superiors or their stated policies." *Hagan,* 867 F.3d at 826 (quoting *Kiddy-Brown v. Blagojevich,* 408 F.3d 346, 358 (7th Cir. 2005)).

So regardless whether Banske's former position — Calumet City Deputy Fire Chief — fits within the policymaker corollary, his claim cannot survive a motion to dismiss if he has not adequately pled facts sufficient to establish that he engaged in

speech addressing a matter of public concern.  *Iqbal,* 556 U.S. at 678.

Ultimately, whether a subject is a matter of public concern "turns upon the 'content, form, and context' of the speech. *Campbell v. City of Chicago,* No. 16-CV-6000, 2017 WL 878730, at *3 (N.D. Ill. Mar. 6, 2017) (citation omitted) (quoting *Connick v. Myers,* 461 U.S. 138, 147-48 (1983)).  Content is the most important of these factors, *Spalding v. City of Chicago,* 24 F.Supp.3d 765, 777 (N.D. Ill. 2014) (citing *Kristofek v. Vill. of Orland Hills,* 712 F.3d 979, 984 (7th Cir. 2013)), but "no factor is dispositive, and it is necessary to evaluate all the circumstances of the speech, including what was said, where it was said, and how it was said." *Snyder v. Phelps,* 562 U.S. 443, 454 (2011).

Here, the Court is "struck by the lack of articulation regarding what the matters of public concern were."  *Klug v. Chicago Sch. Reform Bd. of Trustees,* 197 F.3d 853, 858 (7th Cir. 1999) (affirming dismissal of free speech claims).  Banske avers he made "political Facebook posts" (Compl. ¶ 21) that were "political commentary" and not "expressions of private grievances" (*id*. ¶ 14).  But he does not quote from those posts nor even identify the subject of his commentary.  Banske's threadbare assertion that his Facebook posts were "matters of

public concern" (Compl. ¶ 14), does not help him, *Iqbal,* 556 U.S. at 678.

Without well pled factual allegations, the Court is left to guess whether Banske's at-issue speech touches upon a subject of public concern. This the Court will not do. The Complaint fails to establish that Banske engaged in constitutionally protected speech, so it fails to state a claim upon which relief may be granted. Counts II and III are dismissed without prejudice.

### B. Protected Speech Under the Illinois Constitution (Count IV)

Banske purports to base Count IV on the protections for "speech and association" found in Article I, Section 2 of the Illinois Constitution. However, as Defendants point out (Defs.' Mem. at 13), the Illinois Constitution's free speech protections lie not within Article I, Section 2 but within Section 4. The Court construes Count IV as predicated upon Article I, Section 4 and analyzes it accordingly.

Banske's failure to state a claim for retaliatory discharge in violation of 42 U.S.C. § 1983 compels the failure of his Article I, Section 4 claim based on the same theory. *See, Grayer v. Welch,* No. 09 C 3924, 2010 WL 3713689, at *5 (N.D. Ill. Sept. 14, 2010). Count IV is dismissed without prejudice.

### C. Indemnification by Calumet City of Other Defendants (Count I)

The Illinois Tort Immunity Act, 745 ILCS 10/9-102, empowers tort victims to seek indemnification for municipal employees from the municipality. *Nixon v. Lake Cty. Metro. Enf't Grp. Agents,* No. 10 C 1382, 2012 WL 74755, at *2 (N.D. Ill. Jan. 10, 2012) (citation omitted) (citing *Blancas v. Village of Rosemont,* No. 07 C 4310, 2008 WL 4682217, at *1 (N.D. Ill. May 21, 2008)). But because the Court dismisses Counts II through IV of Banske's Complaint, "there is nothing [left] to indemnify." *Benedix v. Vill. of Hanover Park,* No. 10 C 3072, 2010 WL 5099997, at *3 (N.D. Ill. Dec. 8, 2010), *aff'd,* 677 F.3d 317 (7th Cir. 2012). Count I is dismissed without prejudice.

### IV. CONCLUSION

For the reasons stated herein, Defendants' 12(b)(6) Motion to Dismiss [ECF No. 11] is granted. Banske's Complaint [ECF No. 1] is dismissed without prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 1/11/18